UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16CV01040 AGF |
| MARGARET BARTOLD, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Margaret Bartold's motion (Doc. No. 7) to remand or in the alternative dismiss Plaintiff Allied Property and Casualty Insurance Company's ("Allied") action for lack of subject matter jurisdiction. Because this action for declaratory judgment was initially filed in federal court, the Court will construe Defendant's motion as only a motion to dismiss. The motion will be denied for the reasons set forth below.

## BACKGROUND

On September 10, 2014, Defendant was involved in an automobile collision with a "phantom vehicle" in St. Charles, Missouri. At the time, Defendant carried automobile insurance through Allied. Her policy provided uninsured and underinsured motorist coverage limits of $100,000 per person and $300,000 per accident. (Doc. No. 1-1 at 8.) On March 15, 2016, Defendant, through counsel, made a settlement demand of $300,000

($200,000 in uninsured motorist coverage and $100,000 in underinsured motorist coverage). On April 4, 2016, she submitted a revised settlement demand of $200,000 to Allied.[1] On May 27, 2016, Allied made a settlement offer of $125,000. On June 28, 2016, Allied filed the instant action for declaratory relief, asking the Court to find that Defendant is entitled to a total of $125,000 in uninsured motorist coverage under her policy.

## ARGUMENTS OF THE PARTIES

Defendant asserts that jurisdiction is improper in this Court because, even though there is diversity of citizenship, the amount in controversy does not exceed $75,000. According to Defendant, the total amount she could have recovered under her policy is $200,000. Defendant argues that because Allied has "tendered" $125,000 of that $200,000, the amount in controversy is $75,000, and thus under the jurisdictional amount. Further, Defendant contends that a claimant may stipulate to an amount of damages that is less than the jurisdictional amount. Defendant refers to her July 13, 2016 affidavit, submitted with her motion to dismiss, in which she attests that she will not seek more than $75,000 in damages, and any judgment obtained in excess of $75,000 would be reduced to $75,000, if Allied pays its previously "tendered" offer of $125,000 "within 10 days of the court's acceptance of the [affidavit]." (Doc. No. 9 at 1.)

Defendant also argues that her Allied insurance policy contains an anti-stacking clause in violation of Missouri statutory and common law. However, Defendant requests

---

[1]    It appears that, some time prior to April 4, 2016, a settlement offer of $100,000 was conveyed by Allied to Defendant. A letter from Defendant's counsel dated April 4, 2016 references such an offer by stating that, "I will not be able to accept settlement for the $100,000.00 being offered." (Doc. No. 11-2 at 1.)

dismissal for the reason that the amount in controversy requirement is not met.

Allied responds that the amount in controversy requirement is determined at the time an action is filed, and subsequent events cannot destroy the Court's jurisdiction once the requirements are met. Allied argues that because Defendant first demanded $300,000 from Allied, this amount is the amount in controversy. Allied further asserts that Defendant's affidavit and attestations therein cannot destroy the Court's jurisdiction.

In reply, Defendant reiterates her central argument that jurisdiction in this Court is improper because the amount in controversy requirement is not met. Defendant asserts that as Allied "tendered" $125,000 to settle the case approximately one month before filing the instant action, and as Defendant had made a revised demand of $200,000 before the action was filed, the amount in controversy is $75,000.[2]

## DISCUSSION

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied, including the requisite federal jurisdictional amount in controversy. *State of Mo. ex rel. Pemiscot Cty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). In an action seeking declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "In

---

[2]     Defendant again argues in her reply that Allied's anti-stacking clause violates Missouri law and cites case law for that proposition, but this matter is not relevant to the motion to dismiss.

declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim, not the face amount of the policy.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Maune*, 2006 WL 587650, at \*2 (E.D. Mo. Mar. 10, 2006) (quoting *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)).

The Court rejects Defendant's argument that this action does not meet the amount in controversy requirement. As Allied argues, "[t]he amount in controversy is determined as of the time the action is commenced in federal court and subsequent events cannot destroy the court's jurisdiction once it has been acquired." *McGuire v. J.B. Hunt Transp., Inc.*, 2010 WL 2399550, at \*3 (E.D. Mo. June 10, 2010) (citation omitted). Defendant's argument relies on the premise that Allied's $125,000 settlement offer should not be included in the amount in controversy calculation, but the Court sees no basis to offset this amount. As noted above, Defendant asserts that prior to Allied filing the instant action, it "tendered" $125,000 under the policy to her. Essentially, Defendant appears to treat the $125,000 offered by Allied as having already been paid, and thus no longer at issue. The Court finds this argument unconvincing. The record establishes that on June 28, 2016, the date this action was commenced, Allied had not yet paid any settlement amount to Defendant, and Defendant was seeking a total amount of $200,000. Further, the Court cannot find any indication in the record that the $125,000 offer was paid in connection with the affidavit filed by Defendant. Nor does the record reflect that Allied would pay the $125,000 if it did not serve to settle Defendant's claim in its entirety. Therefore, at the time the action was commenced, the amount in controversy was $200,000, which includes

Allied's $125,000 amount offered – and rejected – in settlement. As such, the Court finds that the amount in controversy exceeds the $75,000 statutory requirement.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. No. 7) is **DENIED**.

Dated this 20th day of December, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE